**BIG SANDY WHOLESALE, INC., Appellant,**

v.

**Hon. Hollie CONLEY, Judge, Floyd Circuit Court, Appellee.**

Supreme Court of Kentucky.

Oct. 12, 1982.

Ronnie G. Dunnigan, Johnson, Dunnigan & Martin, Ashland, for appellant.

Robert S. Walker, David C. Long, Brown, Sledd & McCann, Lexington, for appellee.

STERNBERG, Justice.

The appellee, Honorable Hollie Conley, is now, and at all times herein mentioned was, the Judge of the Circuit Court of the 31st Judicial District of Kentucky, which includes the County of Floyd. As the result of an automobile collision, Robert Cleary filed a negligence action against Big Sandy Wholesale, Inc., and Arnold Hamilton, Big Sandy being the owner of one of the vehicles involved in the collision and Arnold Hamilton being the driver. Cleary served interrogatories on Big Sandy pursuant to CR 26.02, seeking to discover evidence pertaining to the cause of said collision. The vehicle owned by Big Sandy had been partially disassembled and the remaining wreckage disposed of as junk. So much of the interrogatories as pertains to the subject issue is as follows:

"8. Please state if any pictures, reports, memorandums or notes have been compiled in connection with any mechanical failure of the vehicle involved in the accident and owned by Big Sandy Whole-

sale Inc. If your answer to this is affirmative, please indicate what firm or persons compiled this, when and the subject matter of same.

ANSWER: Yes. A detailed study was made of the vehicle in question by P.A. C.E., Inc., which included photographs and reports in order to ascertain or attempt to ascertain the cause of the accident in question.

The report of P.A.C.E., Inc., was made in contemplation of litigation and therefore counsel for the Defendants, Arnold Hamilton and Big Sandy Wholesale, refuses to furnish a copy of said report to opposing counsel because said report is privileged."

Failing to secure the desired report, Cleary moved the Judge of the Floyd Circuit Court to compel Big Sandy to produce for copying and inspection the reports and memorandums compiled by or on behalf of Big Sandy with respect to the left wheel assembly of the vehicle in question. The defendants therein responded that the reports, memorandums and other written documents which Cleary seeks to recover were compiled by the defendants therein in contemplation of litigation and that, by the terms of CR 26.02, the subject matter sought to be discovered is clearly privileged and is not within the pale of information required to be furnished. The trial court granted said motion and ordered Big Sandy, through its attorney, to "... furnish to the plaintiff all reports, memorandums and other written documents compiled by any persons, firms, corporations or companies in connection with any investigation of the vehicle belonging to Big Sandy Wholesale, Inc., which was involved in the accident out of which this lawsuit arose, with respect to the left wheel assembly or any part related to said wheel assembly of the vehicle in question."

On June 9, 1982, Big Sandy filed an original action in the Court of Appeals of Kentucky seeking a writ prohibiting and forbidding the Judge of the Floyd Circuit Court from compelling Big Sandy to disclose the reports and materials requested by Cleary.

On June 9, 1982, an ex parte order was granted by the Court of Appeals in order to preserve the status quo of the parties. On July 20, 1982, the Court of Appeals entered the following order:

"The Court, having considered the petition for writ of prohibition and the response thereto, and being otherwise sufficiently advised, ORDERS that the petition be, and it hereby is, DENIED, and the June 9, 1982 order granting petitioner's motion for ex parte relief is hereby dissolved."

Appellant presents the following issue:

"When discovery is attempted of an expert's opinion and that expert will not testify at trial, the limits based on that discovery are provided by Kentucky Civil Rule 26.02(4)(b)."

CR 26.02(4)(b) provides as follows:

"(4) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of paragraph (1) of this Rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

. . . .

(b) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35.02 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

Exceptional circumstances attributable to the facts are:

1. The vehicle owned by Big Sandy and driven by Arnold Hamilton has been disassembled.

2. The left wheel assembly has been moved away for inspection by Big Sandy's engineers and experts in an effort to ascertain whether the left wheel assembly was a factor contributing to the subject collision.

3. The expert made an inspection and a report of the results of his finding, and he is not expected to be called as a witness to testify at the trial of the negligence action.

4. It would cost Cleary the sum of $1,000, more or less, to take the deposition of the expert at his place of residence, Cincinnati, Ohio, to ascertain the facts discovered in the investigation and set forth in his written report.

5. The sole and exclusive control of the left wheel assembly is in the hands of Big Sandy's expert and is not available.

For clarification, we paraphrase CR 26.-02(4)(b) in the light of the facts revealed by the record in this action as follows: Cleary may discover facts known or opinions held by Big Sandy's expert who was retained and specially employed by Big Sandy in anticipation of litigation and preparation for trial, and the expert is not expected to be called as a witness at the trial of the negligence action (only as provided in Rule 35.02—not applicable) or upon a showing of exceptional circumstances under which it is impracticable for Cleary to obtain facts or opinions on the same subject by other means.

It appears to this court that CR 26.-02(4)(b) is dispositive of the present issue, and that the Court of Appeals did not err in denying a protective order as sought by Big Sandy.

The order of the Court of Appeals dated July 20, 1982 denying the writ of prohibition is affirmed.

STEPHENS, C.J., and AKER, O'HARA, PALMORE, STEPHENSON and STERNBERG, JJ., sitting.

All concur.